UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ANNE YERED, M.D., | ) |
|     Plaintiff | ) ) ) |
| v. | ) )   1:23-cv-00284-LEW ) |
| EASTERN MAINE HEALTHCARE SYSTEMS, et al., | ) ) ) ) |
|     Defendants | ) |

**ORDER ON MOTION TO WITHDRAW**

Counsel for Plaintiff have moved to withdraw from representing Plaintiff. (Motion, ECF No. 17.) Plaintiff objects to the request as she believes she would be prejudiced based at least in part on the procedural posture of the case.

Plaintiff and her counsel appeared for a videoconference hearing on February 13, 2024.[1] Subsequent to the hearing, as authorized by the Court, Plaintiff filed additional written documents for the Court's consideration. After consideration of the parties' oral presentation and following a review of the parties' written filings, the Court grants the motion.

**DISCUSSION**

District of Maine Local Rule 83.3(e)(1) provides, "[t]his Court adopts as its standard for professional conduct the Maine Rules of Professional Conduct adopted by the Supreme Judicial Court or Maine, as amended from time to time by that Court." In support of their request, counsel cites the following provisions of Maine Rule of Professional Conduct 1.16(b): "[A] lawyer may withdraw from representing a client if: "(4) the client insists upon

---

[1] Defendants consented to the Court conducting the hearing without Defendants' participation.

taking action … with which the lawyer has a fundamental disagreement …    (6) the representation … has been rendered unreasonably difficult by the client …, or (7) other good cause for withdrawal exists."

"The grant or denial of an attorney's motion to withdraw in a civil case is a matter addressed to the discretion of the trial court." *Liberman v. Polytop Corp.*, 2 Fed. Appx, 37, 39 (1st Cir. 2001) (quoting *Andrews v. Bechtel Power Corp*. 780 F.2d 124, 125 (1st Cir. 1985) (quoting *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982)). Here, the record evidence convinces the Court that the relationship between Plaintiff and her counsel has irretrievably broken down.  The Court discerns a mutual lack of trust and confidence in decision-making.

Plaintiff's concerns about the timing of the request can be adequately addressed with a brief stay of discovery and a modification to the scheduling order as the case is in the preliminary stages of discovery.  Plaintiff's prejudice argument is further mitigated by the fact that Plaintiff initiated this action pro se and counsel moved to withdraw less than two months after entering an appearance.

## CONCLUSION

Based on the foregoing analysis, the Court grants the motion to withdraw. To permit Plaintiff an opportunity to secure new counsel before further discovery is conducted, the Court stays all discovery until April 5, 2024.[2]  The Court will issue an amended scheduling

---

[2] In her post-hearing submission, Plaintiff asks the Court to "facilitate the appointment of new counsel" if the Court determines that the attorney-client relationship is "irreparably damaged."  To the extent Plaintiff asks the Court to appoint counsel to represent her, there is no "absolute right" to a court-appointed lawyer in a civil case and the limited circumstances that might support the appointment of counsel are not present. *See DesRosiers v. Moran,* 949 F.2d 15, 23-24 (1st Cir. 1991).

order,[3] which shall govern the future course of the case.[4]

## NOTICE

Any objections to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 23rd day of February, 2024.

---

[3] Because Defendants did not participate in the hearing on the motion to withdraw, Defendants have not had the opportunity to comment on the possible amendment of the scheduling order. If a party objects to the amended scheduling order, the party can request a discovery conference in accordance with District of Maine Local Rule 26(b).

[4] Prior to the hearing, on Plaintiff's motion to seal (filed by Plaintiff's counsel), the Court temporarily sealed Plaintiff's response to the motion to withdraw because the filing contained information that could be construed as within the attorney-client privilege. At the hearing, Plaintiff asserted that if the Court granted the motion to withdraw, Plaintiff would want the filing unsealed even if the privilege applied. Because Plaintiff's post-hearing filing contains information that would appear to be privileged, the filing has also been sealed. If Plaintiff intends to waive the privilege and wants all her flings to be unsealed, Plaintiff shall so notify the Court in writing. Otherwise, Plaintiff's pre- and post-hearing filings shall remain sealed.