UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ANNE YERED, M.D., )<br>)<br>　Plaintiff )<br>)<br>v. )<br>)<br>EASTERN MAINE HEALTHCARE )<br>SYSTEMS, et al., )<br>)<br>　Defendants ) | 1:23-cv-00284-LEW |

## ORDER ON MOTION TO WITHDRAW

Plaintiff's counsel seek to withdraw from representing Plaintiff. (Motion, ECF No. 53.) Plaintiff objects to the request.

Plaintiff appeared in-person and her counsel appeared by videoconference for a hearing on December 18, 2024.[1]

### DISCUSSION

Previously, Plaintiff's prior counsel moved to withdraw from representation. The Court granted the motion over Plaintiff's objection. (Order, ECF No. 28.) As the Court explained in its prior order, "[t]he grant or denial of an attorney's motion to withdraw in a civil case is a matter addressed to the discretion of the trial court." *Liberman v. Polytop Corp.*, 2 Fed. Appx, 37, 39 (1st Cir. 2001) (quoting *Andrews v. Bechtel Power Corp.* 780 F.2d 124, 125 (1st Cir. 1985) (quoting *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982)). (Order at 1-2.)

---

[1] Defendants agreed the Court could conduct a hearing on the motion to withdraw without Defendants' participation in the hearing. (Response to Motion to Withdraw, ECF No. 56.)

In support of their request, counsel cite the following provisions of Maine Rule of Professional Conduct 1.16(b): "[A] lawyer may withdraw from representing a client if: "(4) the client insists upon taking action … with which the lawyer has a fundamental disagreement … (6) the representation … has been rendered unreasonably difficult by the client …, or (7) other good cause for withdrawal exists."[2] After consideration of the information provided by Plaintiff and counsel prior to and during the hearing, the Court finds they have a fundamental disagreement regarding the management of the litigation such that the continuation of the relationship between Plaintiff and counsel is not realistically possible. The Court, therefore, grants counsel's motion to withdraw.

The Court understands Defendants' desire to bring this matter to a conclusion and that the grant of this motion will likely result in a further delay of the resolution of the case. The Court, however, believes it appropriate to afford Plaintiff a relatively brief opportunity to secure new counsel before discovery in the matter continues. The Court, therefore, stays further discovery until February 3, 2025. By separate order, the Court will grant in part Plaintiff's motion to amend the scheduling order. Regardless of whether new counsel enters an appearance for Plaintiff, discovery may resume on February 3.[3]

---

[2] District of Maine Local Rule 83.3(e)(1) provides, "[t]his Court adopts as its standard for professional conduct the Maine Rules of Professional Conduct adopted by the Supreme Judicial Court of Maine, as amended from time to time by that Court."

[3] In their response to the motion to withdraw, Defendants assert that discovery has proceeded at a slow pace "in large part to [Defendants'] inability to obtain [Plaintiff's] position on its motion for the Court's standard protective order." (Response to Motion to Withdraw at 2.) If Defendants cannot obtain Plaintiff's position on a proposed order, Defendants may nevertheless file an appropriate motion before February 3. After Plaintiff has had the opportunity to respond to the motion, the Court will consider the merit of the motion.

## CONCLUSION

Based on the foregoing analysis, the Court grants the motion to withdraw. To permit Plaintiff an opportunity to secure new counsel before further discovery is conducted, the Court stays all discovery until February 3, 2025. The Court will issue an amended scheduling order, which shall govern the future course of the case.

## **NOTICE**

Any objections to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 2nd day of January, 2025.