UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ANNE YERED, M.D., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:23-cv-00284-SDN |
| | ) | |
| EASTERN MAINE HEALTHCARE SYSTEMS, et al., | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON MOTION TO PERMIT AMICUS CURIAE BRIEF**

Plaintiff asks the Court to permit Whistleblowers of America (WoA) to file an amicus brief in connection with Defendants' motion for partial summary judgment. (Motion, ECF No. 167.) Plaintiff contends that WoA would address "the operation of statutory protection [provided by 26 M.R.S. § 833] when an employee reports a perceived danger before the feared harm has occurred and then alleges retaliation for the report." (Motion at 3.) Defendants oppose the motion.

While the Federal Rules of Civil Procedure and the District of Maine Local Rules do not address the filing of amicus curiae briefs, when presented with a request of file an amicus brief, this Court has assessed such a request in accordance with Federal Rule of Appellate Procedure 29. Further, as this Court has previously observed, "[t]he district court retains the inherent authority to appoint amicus curiae to assist it in a proceeding." *All. of Auto. Mfrs. v. Gwadowsky*, 297 F. Supp. 2d 305, 306 (D. Me. 2003) (citations and internal quotation marks omitted).

The First Circuit has cautioned that "an amicus who argues facts should rarely be welcomed." *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970). In *Strasser*, the Court wrote,

> we believe a district court, lacking joint consent of the parties should go slow in accepting, and even slower in inviting, an amicus brief unless, as a party, although short of a right to intervene, the amicus has a special interest that justifies his having a say, or unless the court feels that existing counsel may need supplementing assistance.

*Id*. Federal Rule of Civil Procedure 29 requires that the "motion must be accompanied by the proposed brief and state: (A) the *movant's* interest; and (B) the reason why an amicus brief is desirable and why matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(a)(3) (emphasis added). The plain language of the rule contemplates that a request for leave to file an amicus brief is ordinarily filed by the amicus curiae, not by a party. WoA has not filed a motion or a proposed brief. Without a proposed brief and a motion from WoA articulating a "special interest" that justifies its participation, the Court is not prepared to authorize the filing of an amicus curiae brief.

Even if the Court were to consider Plaintiff's proffer on behalf of WoA, the Court is not convinced that an amicus curiae brief is warranted. In their motion for partial summary judgment, Defendants argue that the facts, when viewed most favorably to Plaintiff, do not establish the elements necessary to sustain a retaliation claim. The motion, therefore, requires the parties and the Court to assess whether the facts could support a finding that Defendants retaliated against Plaintiff for protected conduct. To have relevance to the pending motion, the amicus brief would necessarily have to comment on the facts and any factual disputes that might exist—a result that would be contrary to the

First Circuit's caution that "an amicus who argues facts should rarely be welcomed." *Strasser*, 432 F.2d at 569.

In sum, the Court concludes that an amicus curiae brief is not warranted in connection with Defendants' motion for partial summary judgment. Accordingly, the Court denies Plaintiff's motion to permit the filing of an amicus curiae brief.

**NOTICE**

Any objections to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 14th day of September, 2026.